# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

ROBERT M. FORNEY,

:

    Petitioner,                                         Case No. 3:08-cv-188

                                              :         District Judge Walter Herbert Rice
    -vs-                                                 Chief Magistrate Judge Michael R. Merz

TIMOTHY BRUNSMAN, Warden,
 Lebanon Correctional Institution,

:

    Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case is brought *pro se* by Petitioner Robert M. Forney. Petitioner alleges he is confined unconstitutionally in Respondent's custody pursuant to the April 4, 2006, sentence of ten years confinement imposed by the Miami County Common Pleas Court upon conviction after a plea of guilty to one count of rape.

Upon initial review under Rule 4 of the Rules Governing § 2254 Cases, the Magistrate Judge recommended dismissal *sua sponte* because it appeared that the Petition was barred by the statute of limitations (Doc. No. 3). Petitioner objected that, without the state record, it could not be shown that he had waived his right to appeal (Doc. No. 5). Based on the Objections, the Magistrate Judge withdrew his original recommendation and ordered Respondent to file a return of writ accompanied by those portions of the state court record necessary to decide the case (Doc. No. 6). Respondent filed the Return on October 3, 2008 (Doc. No. 8) and Petitioner has failed to file a reply; his time to do so expired on October 27, 2008.

Petitioner pleads the following grounds for relief:

> **GROUND ONE:** Denial of right to appeal in violation of 14th Amendment due process clause.
>
> **Supporting Facts:** State appellate court deprived petitioner of his absolute right to procedural due process of law where that court denied his request for delayed appeal without an effective waiver of right to appeal and appointment of counsel to prosecute such appeal.
>
> **GROUND TWO:** Denial of absolute procedural due process right and doctrine of lenity.
>
> **Supporting Facts:** Petitioner's sentence is based upon common law of State v. Foster (2006), 109 Ohio St. 3d 1, but there is no common law crimes or sentences in Ohio per O.R.C. §2901.03(A).
>
> **GROUND THREE:** Petitioner being deprived of his liberty contrary to due process clause of 14th Amendment, U.S. Constitution.
>
> **Supporting Facts:** State sentencing court exceeded its sentencing authority under state law in imposing more than shortest prison term of three years using sentencing elements never charged.
>
> **GROUND FOUR**: Sentence imposed in violation of due process clause as ex post facto violation.
>
> **Supporting Facts:** Sentence imposed pursuant *State v. Foster* (2006), 109 Ohio St. 3d 1, in violation of due process because of judicial enlargement of criminal statutes with ex post facto effect, as well as separation of powers doctrine.

(Petition, Doc. No. 1)

## Statute of Limitations

Respondent seeks dismissal on grounds the Petition is barred by the statute of limitations. 28 U.S.C. §2244 (d) provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The record as filed by Respondent shows that Petitioner shows that he pled guilty and was orally sentenced on April 4, 2006; the written entry of judgment was filed April 6, 2006. The plea was pursuant to a plea agreement and included an agreed sentence of ten years, the sentence which was imposed (Return of Writ, Doc. No. 8, Ex. 2).

The time within which a direct appeal of right may be taken from a trial court judgment in Ohio is thirty days from entry of the judgment. Therefore, the time within which Petitioner was

entitled to appeal to the Miami County Court of Appeals began to run on April 6, 2006, and expired thirty days later on May 6, 2006. Because no appeal was taken, the conviction became final on the last date an appeal of right could have been taken, to wit, May 6, 2006. Petitioner did not file his request for a delayed appeal until October 24, 2007 (See Decision and Final Judgment Entry of the Court of Appeals, attached to Petition). By the time Petitioner sought to file a delayed appeal, his time to file a petition for writ of habeas corpus had already expired, on May 6, 2007. Petitioner did not sign his Petition and deposit it in the mail until May 13, 2008, over another year later[1].

Petitioner states in his Petition that it is being filed within one year of his having exhausted his state court remedies. However, an attempt to utilize a state court remedy does not extend the time for filing a petition for habeas corpus when it is filed after the statute of limitations has already run. In other words, although a properly filed collateral attack on a state court judgment will toll the statute of limitations, it does not start the time period over. *Bronaugh v. Ohio*, 235 F.3d 280, 285 (6th Cir. 2000); *Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001). If the state Court of Appeals had granted a delayed appeal, of course, Petitioner's time would have run from whenever the conviction became final after the delayed appeal, but that is not what happened in this case.

In his Objections to the original Report and Recommendations, Petitioner argued that somehow the State created an impediment to his filing the habeas petition by denying his application for delayed appeal. That argument is unpersuasive. The denial of a delayed appeal is an "impediment" to Petitioner's obtaining relief, but not an impediment to his filing in federal court. Even if somehow, in a way the Court does not understand, the denial could be a state-created

---

[1] An incarcerated person "files" a notice of appeal when he or she deposits it with prison authorities for forwarding to the Clerk. *Houston v. Lack,* 487 U.S. 266, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988).

impediment, that impediment did not exist until after the statute of limitations had run because Petitioner did not even seek to appeal until long after that date.

In his Petition, Mr. Forney also suggests that his Petition is timely because he is challenging the subject matter jurisdiction of the Common Pleas Court, that lack of subject matter jurisdiction is never waived, and therefore a federal habeas corpus petition which challenges the subject matter jurisdiction of the sentencing court is timely regardless of when it is filed. There is simply no federal law known to the Magistrate Judge which supports this argument. Certainly nothing in the habeas statute creates such an exception to the one-year statute of limitations.

**Conclusion**

For the foregoing reasons, the Petition is barred by the statute of limitations and should be dismissed with prejudice on that basis.

November 3, 2008.

s/ **Michael R. Merz**
Chief United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part

upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).