# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

ROBERT M. FORNEY,

:

    Petitioner,　　　　　　　　　　Case No. 3:08-cv-188

:　　　　　　District Judge Walter Herbert Rice
-vs-　　　　　　　　　　　　　　　　　　Magistrate Judge Michael R. Merz

TIMOTHY BRUNSMAN, Warden,
 Lebanon Correctional Institution,

:

    Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Objections (Doc. No. 11) to the Magistrate Judge's Report and Recommendations (Doc. No. 9) recommending that the Petition be dismissed as barred by the statute of limitations, 28 U.S.C. § 2244. The General Order of Reference for the Dayton location of court permits a magistrate judge to reconsider decisions or reports and recommendations when objections are filed.

On April 2, 2006, Petitioner received an agreed sentence of ten years confinement on his conviction on a plea of guilty to one count of rape.

As noted in the original Report and Recommendations, the time within which a direct appeal as a matter of right may be taken from a trial court judgment in Ohio is thirty days from entry of the judgment. Petitioner does not dispute the Magistrate Judge's conclusion that his time to file a direct appeal of right therefore expired on May 6, 2006, that he filed no appeal by that date, and that his first attempt to take a direct appeal was by way of filing a request for delayed appeal on October 24,

2007. Because the conviction became final on May 6, 2006, the Magistrate Judge calculated that Petitioner's time to file for habeas corpus expired one year later, May 6, 2007. The Petition was not filed until May 13, 2008, more than a year later. On this basis, the Magistrate Judge recommended the Petition be dismissed.

Petitioner has argued[1] that the State created an impediment to his filing the habeas petition by denying his application for delayed appeal. The Report found that argument is unpersuasive because the State's act – denying a delayed appeal – happened **after** the statute of limitations had run. Petitioner now argues that the denial of the delayed appeal violated the United States Constitution. Therefore, he says, because he was entitled as a matter of constitutional right to a delayed appeal, his time for filing a habeas corpus petition should be calculated from when the delayed appeal was denied[2].

In order to obtain a delayed direct appeal in a criminal case, a defendant must show good cause for the delay. In seeking a delayed appeal, Petitioner asserted his attorney had failed to consult with him about an appeal and had failed to recognize that his sentence could be challenged under *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L. Ed. 2d 403 (2004), on the ground that the trial judge had found him to be a "sexual predator" as a predicate to imposing the maximum sentence. (Exhibit 6 to Return of Writ, Doc. No. 8.) The Court of Appeals denied leave to appeal summarily and the Ohio Supreme Court declined to hear the case. (Exhibits 7 & 10 to Return of

---

[1] In his Objections (Doc. No. 5) to the original Report and Recommendations in this case (Doc. No. 3).

[2] As the Report and Recommendations recognizes, if the state Court of Appeals had granted a delayed appeal, that would have had the effect of preventing the trial court conviction from becoming final by reopening that judgment.

Writ, Doc. No. 8.)

The States are not bound by the Federal Constitution to grant any right of appeal from a criminal conviction. *Estelle v. Dorrough*, 420 U.S. 534, 536, 95 S. Ct. 1173, 1175, 43 L. Ed. 2d 377, 380 (1975). The right of appeal is not essential to due process provided due process has been provided in the tribunal of first instance. *State ex rel Bryant v. Akron Metro Park Dist.*, 281 U.S. 74, 80, 50 S. Ct. 228, 230, 74 L. Ed. 710, 715 (1930). *Accord, Ross v. Moffitt*, 417 U.S. 600, 610-11, 94 S. Ct. 2437, 2444, 41 L. Ed. 2d 341, 351 (1974). Since Ohio would not have been bound to grant Petitioner any appeal, *a fortiori* it did not have to create a right of delayed appeal.

Of course, once a State grants a procedural right in general, it cannot then go on to deny the invocation of that right in a particular case on an arbitrary and capricious basis; to do so would violate the Due Process Clause. Petitioner appears to be claiming that the denial of a right to delayed appeal in this case was arbitrary and capricious because he had in fact shown good cause for the delay. However, he does not explain how the facts on which he relies show good cause for the amount of delay in this case – from April 6, 2006, to October 24, 2007, more than eighteen months. If the failure of his lawyer to tell him about his right to appeal is the claimed good cause, how long is it good cause for? Would the State have to recognize a right to delayed appeal if a criminal defendant figured out his appeal issues five years after conviction? Ten years? Moreover, does the Due Process Clause leave state court of appeal no discretion with respect to how much time is too much?

Petitioner relies on *State v. Sims*, 27 Ohio St. 2d 79, 272 N.E. 2d 87 (1971). In that case the Ohio Supreme Court held that an Ohio Court of Appeals could not find a waiver of a right to appeal by an indigent defendant unless there was "evidence in the record upon which it could be determined

that an indigent convicted defendant knowingly and intelligently waived his right of direct appeal ... prior to the expiration of the time in which such an appeal could be taken. Syllabus, *Id*. at 80. In this case, the plea agreement states "I understand my right to appeal a maximum sentence, my other limited appellate rights and that an appeal must be filed within 30 days of my sentence." (Exhibit 2 to Return of Writ, Doc. No. 8.) Thus although the Court of Appeals did not make the finding which appears to be required by *Sims*, there was in fact evidence of record from which they could have made the finding.

Petitioner concedes the existence of this language in the Plea Agreement but argues "there is no State court evidence that Petitioner subjectively knew he had a right to an appeal as of right because the State trial court never informed him of such right as required by Rule 32[B]." (Objections, Doc. No. 11, at 3.) Proving what is in a person's mind – what he knew subjectively – can only be done on the basis of extrinsic evidence; science has not yet devised a technique for reading minds. Petitioner here does not deny that he can read and that he signed an acknowledgment that he understood his right to appeal a maximum sentence within thirty days.

Petitioner relies on *Peguero v. United States*, 526 U.S. 23 (1999), for the proposition that keeping a defendant who pleads guilty completely ignorant of his appeal rights violated due process (Objections, Doc. No. 11, at 3.) Actually, the Supreme Court held that failure to notify a defendant of appeal rights under Fed. R. Crim. P. 32(b) was not a denial of due process when the defendant actually knew of the right, as is the case here, as proven by Petitioner's written acknowledgment of his understanding of the right.

The Magistrate Judge concludes it was not a denial of due process for the state Court of Appeals to fail to find :"good cause" for Petitioner's delay upon the facts as he presented them to

that court.

As an alternative to his due process theory, Petitioner claims he can show extraordinary circumstances justifying relief from the bar of the statute of limitations, relying on *Gonzalez v. Crosby,* 545 U.S. 524 (2005). In *Gonzalez*, the Supreme Court held that a Fed. R. Civ. P. 60(b) motion in a federal habeas case which attacks the federal court's prior decision on a statute of limitations question does not amount of a second or successive habeas corpus petition requiring pre-filing approval from the federal Court of Appeals. *Gonzalez* does not in any way hold or suggest that a showing of "extraordinary circumstances" will allow a habeas petitioner to defeat a statute of limitations bar.

Petitioner proceeds to argue that the Common Pleas Court did not have jurisdiction to sentence him as it did and a federal district court always has jurisdiction in a habeas case to find that the state court did not have jurisdiction. However, Petitioner cites no federal law to that effect and this Court is aware of none. *Ex parte Lange*, 85 U.S. 163 (1873), and *Ex parte Siebold,* 100 U.S. 371 (1879), relied on by Petitioner, were both decided long before any statute of limitations was enacted as to habeas corpus actions and neither deals with delay in seeking a writ.

**Conclusion**

In accordance with the foregoing analysis, the Magistrate Judge again concludes the Petition herein is barred by the one-year statute of limitations in 28 U.S.C. § 2244 and recommends that the

Petition be dismissed with prejudice on that basis.

December 1, 2008.

s/ **Michael R. Merz**<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).