IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON


ROBERT M. FORNEY,
:
        Petitioner,
:
        vs.                          Case No. 3:08cv188
:
WARDEN, LEBANON CORRECTIONAL     JUDGE WALTER HERBERT RICE
INSTITUTION,                            :

        Respondent.


DECISION AND ENTRY ADOPTING INITIAL (DOC. #9) AND SUPPLEMENTAL (DOC. #12) REPORTS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE; PETITIONER'S OBJECTIONS TO SAID JUDICIAL FILINGS (DOCS. #11 AND #13) OVERRULED; PETITION FOR WRIT OF HABEAS CORPUS DISMISSED, WITH PREJUDICE, AS BARRED BY THE APPLICABLE STATUTE OF LIMITATIONS; JUDGMENT TO ENTER ACCORDINGLY; CERTIFICATE OF APPEALABILITY AND ANTICIPATED REQUEST FOR LEAVE TO APPEAL *IN FORMA PAUPERIS* DENIED; TERMINATION ENTRY


Pursuant to the reasoning and citations of authority set forth by the United States Magistrate Judge in his Initial (Doc. #9) and Supplemental (Doc. #12) Reports and Recommendations, as well as upon a thorough *de novo* review of this Court's file and the applicable law, said Reports and Recommendations are adopted in their entirety. The Petitioner's Objections to said judicial filings (Docs. #11 and #13) are overruled. The Petition for Writ of Habeas Corpus is dismissed, with

prejudice, as barred by the applicable statute of limitations set forth in 28 U.S.C. § 2244. Judgment will enter accordingly, in favor of Respondent and against Petitioner herein.

Given that this Court's Decision herein would not be debatable among jurists of reason and, further, given that the Petitioner has failed to make a substantial showing of the denial of a constitutional right, this Court denies a Certificate of Appealability. Further, given that any appeal from this Court's decision would be <u>objectively</u> frivolous, this Court denies any subsequent request for leave to appeal *in forma pauperis*.

In ruling as aforesaid, this Court makes the following, non-exclusive, observations:

1. An attempt to utilize a state court remedy does not extend the time for filing a Petition for Writ of Habeas Corpus, if that state court remedy is filed <u>after</u> the statute of limitations has already run. In other words, although a properly filed collateral attack on a state court judgment will indeed toll the statute of limitations, should same not already have run, it does not start the time period over.

2. As to the Petitioner's contention regarding equitable tolling, a claim he raised for the first time in his Objections (Doc. #13) to the Magistrate Judge's <u>Supplemental</u> Report and Recommendations, Petitioner cannot claim that he lacked notice, actual or constructive, of the filing requirement for perfecting an appeal,

given that, as stated by the Magistrate Judge, "He does not deny that he can read and that he signed an acknowledgment that he understood his right to appeal….within 30 days."  Magistrate Judge's Supplemental Report and Recommendations, Doc. #12 at 4.

WHEREFORE, based upon the aforesaid, this Court, in adopting the Initial (Doc. #9) and Supplemental (Doc. #12) Reports and Recommendations of the United States Magistrate Judge and overruling the Petitioner's Objections thereto (Docs. #11 and #13), orders the entry of Judgment in favor of the Respondent and against Petitioner herein, dismissing the Petition for Writ of Habeas Corpus, with prejudice, as barred by the applicable statute of limitations.  A Certificate of Appealability and the right to appeal *in forma pauperis* are denied.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

/s/ Walter Herbert Rice

January 5, 2009
WALTER HERBERT RICE
UNITED STATES DISTRICT JUDGE

Copies to:

Robert M. Forney, Pro Se
Hilda Rosenberg, Esq.

Stephanie I. Watson, Esq.